# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| vs. | CASE NUMBER:   CR-05-125 (WDW) |
| **RONALD A. MARRACOLLA** | Defendant's Attorney:<br>MARC C. GANN, COLLINS MCCDONALD & GANN, P.C. |

THE DEFENDANT:

☒ pleaded guilty to count(s) **[ONE (1) OF A ONE COUNT MISDEMEANOR INFORMATION]**
☐ pleaded nolo contendere to count(s) **[count]** which was accepted by the court.
☐ was found guilty on count(s) **[count]** after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION NUMBER(S) | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 USC 842 (j) and 844 (b) | Illegal storage of explosive materials | 6/10/05 | ONE |

The defendant is sentenced as provided in pages 2 through 4 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ After all appeals are exhausted count(s)  (is)(are) dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: **June 10, 2005**

**WILLIAM D. WALL**
**UNITED STATES MAGISTRATE JUDGE**

DATE:   June 14, 2005

A TRUE COPY ATTEST
DATED:
**ROBERT C. HEINEMANN**
CLERK

BY:
DEPUTY CLERK

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
AO 245B    (Rev. 12/03) Judgment in a Criminal Case- Probation

Defendant:    RONALD A. MARRACOLLA                                        Judgment - Page  2  of  4

Case No.:    CR-05-125 (WDW)

## PROBATION

The defendant is hereby placed on probation for a term of THREE (3) YEARS.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C § 921.

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)
- ☐ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) if this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

Defendant: **RONALD A. MARRACOLLA** Judgment - Page 3 of 4
Case No.: CR-05-125 (WDW)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

|  | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | $100.00 | $ | $ |

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of **$**.

### RESTITUTION

☐ The determination of restitution is deferred until ___ . An Amended Judgment in a Criminal Case will be entered after such a determination. The U.S. Attorneys Office is directed to provide the necessary information to the court.

☐ The defendant shall make restitution to the following victims in the amounts listed below:

☐ Restitution is ordered jointly and severally with:

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ | $ | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. §3664(f)(3)(B), the court orders nominal payments and this is reflected on Sheet 6, Statement of Reasons.

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for ___ fine ___ restitution.

    ☐ the interest requirement for ___ fine ___ restitution is modified as follows:

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:  (1) assessment; (2) non-federal restitution; (3) federal restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties.

Payment of the total criminal monetary penalties shall be due as follows:

I.   ☒ In full
     A.   ☒   due immediately
     B.   ☐   on or before

II.  ☐ In installments
     A.   ☐   monthly in installments of ____ .
     B.   ☐   in installments of $____ over a period of ____ to commence ____ days after the date of this judgment.

Any payment ordered under Part II, must comply with 18 U.S.C. §3572, 18 U.S.C. §3664(n), and include a provision under 18 U.S.C. §3664(k) in which defendant must notify the court of any material changes in defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. §3664(f)(3)(A):

In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due.  The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the court.

Defendant:　　　RONALD A. MARRACOLLA　　　　　　　　　　　　DISTRICT: Eastern District of NY

Case Number:　　CR-05-125 (WDW)

# STATEMENT OF REASONS
**(Not for Public Disclosure)**

☒　**THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS WITHOUT CHANGE.**

**OR**

☐　**THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS BUT WITH THESE CHANGES**: (Use Page 3, if necessary.)

　　☐　**Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level or specific offense characteristics):

　　☐　**Chapter Three of the U.S.S.G. Manual** adjustment determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

　　☐　**Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

☐　**THE COURT ADOPTS THE PRESENTENCE REPORT WITH THESE COMMENTS OR FINDINGS** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs in the presentence report.) (Use Page 3, if necessary.)

**GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level: _____

Criminal History Category: _____

Imprisonment Range: _____ to _____ months

Supervised Release Range: _____ to _____ years

Fine Range: $ _____ to $ _____

☐　Fine waived or below the guideline range because of inability to pay.

☐　**THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE DOES NOT EXCEED 24 MONTHS, AND THE COURT FINDS NO REASON TO DEPART.**

**OR**

☐　**THE SENTENCE IS WITHIN A GUIDELINE RANGE, THAT RANGE EXCEEDS 24 MONTHS, AND THE SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS:** (Use Page 3, if necessary.)

Defendant: RONALD A. MARRACOLLA      DISTRICT: Eastern District of NY

Case Number: CR-05-125 (WDW)

# STATEMENT OF REASONS
### (Not for Public Disclosure)

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution:     $ 0.0

- ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

- ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

- ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

- ☐ Restitution is not ordered for other reasons:

- ☐ Partial restitution is ordered under 18 U.S.C. § 3663(c) for these reasons:

**DEPARTURE (Check all that apply)**

- ☐ The sentence departs below the guideline range for the following reasons; or
- ☐ The sentence departs above the guideline range for the following reasons:

**Pursuant to a Plea Agreement**

- ☐ based on 5K1.1 motion of the government based on the defendant's substantial assistance;
- ☐ based on a government motion pursuant to an early disposition program;
- ☐ based on a binding plea agreement for departure which the court has accepted (cite below reason, if applicable);
- ☐ based on a plea agreement which cites the below reason for departure, which the court finds to be justified; or
- ☐ based on a plea agreement which states that the government will not oppose a defense departure motion and cites the below reason.

**Pursuant to a Motion Not Addressed in a Plea Agreement**

- ☐ pursuant to a 5K1.1 motion of the government based on the defendant's substantial assistance;
- ☐ pursuant to a government motion based on the below reason for departure; or
- ☐ pursuant to a defense motion based on the below reason for departure to which the government has not objected; or
- ☐ pursuant to a defense motion based on the below reason for departure to which the government has objected.
- ☐ Other than plea agreement or motion by the parties based on the below reason for departure.

**Reason(s) for Departure**

| | | |
|---|---|---|
| ☐ 4A1.3 Criminal History Adequacy (explain) | ☐ 5K2.7 Disruption of Government Function | ☐ 5K2.17 High-Capacity Semiautomatic Firearm |
| ☐ 5K2.0 Aggravating or Mitigating Circumstances (explain): | ☐ 5K2.8 Extreme Conduct | ☐ 5K2.18 Violent Street Gang |
| | ☐ 5K2.9 Criminal Purpose | ☐ 5K2.20 Aberrant Behavior |
| ☐ 5K2.1 Death | ☐ 5K2.10 Victim's Conduct | ☐ 5K2.21 Dismissed and Uncharged Conduct |
| ☐ 5K2.2 Physical Injury | ☐ 5K2.11 Lesser Harm | |
| ☐ 5K2.3 Extreme Psychological Injury | ☐ 5K2.12 Coercion and Duress | ☐ 5K2.22 Age or Health of Sex Offenders |
| ☐ 5K2.4 Abduction or Unlawful Restraint | ☐ 5K2.13 Diminished Capacity | ☐ 5K2.23 Discharged Terms of Imprisonment |
| ☐ 5K2.5 Property Damage or Loss | ☐ 5K2.14 Public Welfare | |
| ☐ 5K2.6 Weapons and Dangerous Instruments | ☐ 5K2.16 Voluntary Disclosure of Offense | ☐ 5K3.1 Early Disposition, "fast-track" Program |

- ☐ Other (e.g., 2B1.1 commentary, 5H1.1-5H1.6 or 5H1.11)(explain and state guideline and/or statutory basis). (Use Page 3, if necessary).

Defendant:  RONALD A. MARRACOLLA                                                                   DISTRICT: Eastern District of NY

Case Number:    CR-05-125 (WDW)

# STATEMENT OF REASONS
### (Not for Public Disclosure)

**ADDITIONAL PRESENTENCE REPORT AND GUIDELINE APPLICATION CHANGES**
(If necessary.)

**SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS**
(If necessary.)

**ADDITIONAL COMMENTS OR FINDINGS CONCERNING INFORMATION IN PRESENTENCE REPORT**
(If necessary.)

**ADDITIONAL REASONS FOR DEPARTING FROM THE GUIDELINE RANGE**
(If necessary.)


Defendant's Soc. Sec. No.:    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

Defendant's Date of Birth:    2/7/57

Defendant's Residence Address :   109 ST. MARKS PLACE,
MASSAPEQUA, NEW YORK 11758

Defendant's Mailing Address :      SAME AS ABOVE

Date of Imposition of Judgment:   6/10/05

Signature of Judge:

Name and Title of Judge: WILLIAM D. WALL  USMJ

Date Signed:      June 14, 2005